UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN H. MCCULLOUGH, JR.,

    Plaintiff,

   -v-        5:23-CV-1028

OFFICER BRIAN GRAVES,
Oswego City Police Officer,
OFFICER MICHAELA FROST,
Oswego City Police Officer, and
OFFICER PRITCHARD, Oswego
City Police Officer,

    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:       OF COUNSEL:

JOHN H. MCCULLOUGH, JR.
Plaintiff, Pro Se
29 East 9th Street
Oswego, NY 13126

GOLDBERG, SEGALLA, LLP   JONATHAN M.
Attorney for Defendants      BERNSTEIN, ESQ.
8 Southwoods Boulevard, Suite 300
Albany, NY 12211

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

## I. INTRODUCTION

On August 22, 2023, *pro se* plaintiff John H. McCullough, Jr. ("plaintiff") filed this civil case using the N.D.N.Y.'s form complaint for 42 U.S.C. § 1983 actions. Dkt. No. 1. Broadly speaking, plaintiff's form complaint alleged that three law enforcement officers from the City of Oswego's Police Department violated his constitutional rights during a police encounter that began with a traffic stop but ripened into an arrest and then a prosecution for drugs.[1] *Id.*

On October 11, 2023, defendants Graves, Frost, and Pritchard (collectively "defendants") moved under Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss plaintiff's complaint in its entirety. Dkt. No. 19. That motion was fully briefed, Dkt. Nos. 24, 25, 28, and then granted in part and denied in part on December 5, 2023, Dkt. No. 30.

As relevant here, the December 5 Order concluded that plaintiff's initial complaint was subject to dismissal because he had failed to plausibly allege actionable claims against the named defendants. Dkt. No. 30. However, in light of plaintiff's *pro se* status, plaintiff was given a thirty-day window in which to replead his § 1983 claims for false arrest, malicious prosecution,

---

[1] Plaintiff sought permission to "supplement" his complaint with certain additional exhibits, Dkt. No. 14, but the assigned Magistrate Judge denied that request, Dkt. No. 15. Plaintiff was advised at that time that he could still amend his complaint, but to do so he would have to comply with the relevant rules of civil procedure governing amendments to pleadings. *Id.*

and/or the fabrication of evidence. *Id.* Thereafter, plaintiff filed an amended complaint. Dkt. No. 32.

On January 11, 2024, defendants moved under Rule 12(b)(6) to dismiss plaintiff's amended complaint in its entirety. Dkt. No. 36. The motion has been fully briefed, Dkt. Nos. 38–40, 42, and will be considered on the basis of the submissions without oral argument.

## II. BACKGROUND

For reasons that will be explained below, the following facts are taken from the December 5, 2023 Order that dismissed plaintiff's initial complaint rather than from plaintiff's amended pleading. Dkt. No. 30; *McCullough v. Graves*, 2023 WL 8435032 (N.D.N.Y.).

Around midnight on September 3, 2020, Police Officer Michaela Frost stopped plaintiff's car. Defendant Frost claimed that she had received some information from Investigator Graves, who warned her that he had observed plaintiff violate various traffic laws. Plaintiff alleged that defendant Frost could not have possibly coordinated with defendant Graves. Instead, plaintiff claimed that a non-party named "Charles Kangah," a drug dealer who is "best friends" with defendant Graves, helped to get plaintiff arrested.

In any event, Officer Frost approached plaintiff's car, questioned him, and then instructed him to step out of the vehicle. As plaintiff exited his car, defendant Frost claimed that she saw a small baggie of marijuana drop onto

the ground nearby.  Thereafter, Investigator Graves arrived at the scene, searched plaintiff's vehicle and patted down his person, and claimed that he discovered some cocaine, too.  Defendants arrested plaintiff for the drugs and a grand jury indicted him.  Plaintiff later filed an omnibus motion to suppress the evidence against him.

On April 24, 2023, after an evidentiary hearing at which defendant Frost testified, Oswego County Court Judge Karen M. Brandt Brown concluded that defendant Frost had "probable cause" to stop plaintiff's car based on Frost's observation that plaintiff had committed traffic infractions.  However, the state court judge suppressed the cocaine because she concluded that defendant Graves's search of plaintiff's person was improper under state law.

## III.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the complaint's factual allegations must be enough to elevate the plaintiff's right to relief above the speculative level.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  So while legal conclusions can provide a framework for the complaint, they must be supported with meaningful allegations of fact.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  In short, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

To assess this plausibility requirement, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable

inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In doing so, the court generally confines itself to the facts alleged in the pleading, any documents attached to the complaint or incorporated into it by reference, and matters of which judicial notice may be taken. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (quoting *Concord Assocs., L.P. v. Ent. Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016)).

## IV. <u>DISCUSSION</u>

As an initial matter, plaintiff is still *pro se*. So his filings must be held to less stringent standards. *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012). As the Second Circuit has repeatedly warned, documents filed *pro se* "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that [they] suggest[ ]." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)).

But even accounting for his *pro se* status, defendants' second motion to dismiss must be granted. When plaintiff's initial complaint was dismissed, the Court gave him an opportunity to try to replead his § 1983 claims for false arrest, malicious prosecution, and/or the fabrication of evidence. At that time, the Court observed that plaintiff's initial complaint was just a jumble of disjointed filings, non-chronological conclusory accusations, and state-court documents with some handwritten statements and claims scribbled into the margins. Although the Court was willing to cobble these materials together

to try to get a sense of whether plaintiff might have been able to state one or more § 1983 claims, it cautioned him that it would expect a much more coherent showing in a single, complete, amended pleading:

> If plaintiff chooses to take advantage of this opportunity, plaintiff is advised that he must include sufficient factual detail to enable the Court to determine whether he has plausibly alleged one or more of his § 1983 claims against one or more of the named defendants under the law governing claims for false arrest, malicious prosecution and/or fabricated evidence. To do so, plaintiff must clearly set forth the facts that give rise to his claims, including the dates, times, and places of the alleged acts, and an explanation of how each individual committed each allegedly wrongful act.
>
> Plaintiff is cautioned that any amended pleading will replace the previous existing complaint. In other words, the amended complaint must be a single document that does not rely upon any other materials that have previously been filed with the Court (although he can certainly attach exhibits to the new pleading, as he has previously done with this one).
>
> As for any exhibits he might attach to his amended pleading, plaintiff is advised that, instead of scribbling handwritten narrative statements into certain highlighted portions of these documents, he should write a pleading that contains a single, clear history of the events that occurred and describe, with supporting factual detail (preferably in a sequential series of numbered individual paragraphs) how each defendant was involved in the alleged violation of his constitutional rights.

*McCullough*, 2023 WL 8435032, at *8.

Plaintiff did not follow these instructions.  Instead of supporting his accusations with more factual detail he might be able to provide, plaintiff's amended complaint seems to offer even *less* information than before (and continues to set out the facts in non-chronological order to boot).  Dkt. No. 32.

However, the biggest problem with plaintiff's amended complaint is that it remains phrased in conclusory terms: Investigator Graves "lied"; Investigator Graves "relentlessly harassed" him; Officer Frost "falsified" her grand jury testimony; "fabricated" her arrest reports and "every statement" she made in the courts; Pritchard "lied" and gave "false" testimony.; etc.  Dkt. No. 32.

These assertions are not nearly enough to unlock discovery, even for a *pro se* litigant.  As the Court explained the last time around:

> *Pro se* status confers on an unrepresented party several direct and indirect benefits, typically in the form of extra procedural latitude and a substance-over-form approach to a lawyer-less litigant's less-than-perfect pleading, briefing, and argumentation.
>
> However, *pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law.  This includes the baseline procedural requirement imposed by our federal plausibility pleading regime, which tests the legal sufficiency of a pleading by asking whether the plaintiff has alleged "sufficient factual matter" to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678.
>
> As the [ ] discussion serves to demonstrate, the Court has been left to speculate about basically all of the salient historical facts.  Indeed, the whole analysis is lousy with tentative qualifiers such as "appears,"

> "seems," and "likely." Of course, adding some measure of solicitude to the mix is par for the course in cases with pro se plaintiffs. But the Court cannot make up all the necessary facts for the plaintiff or assume the existence of a whole set of facts that would state a plausible claim.
>
> This is because, even for *pro se* plaintiffs, the federal plausibility standard requires more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. But as of right now, that is all plaintiff has offered . . . .

*McCullough*, 2023 WL 8435032, at *4–*5. Measured against the appropriate legal standards, plaintiff's § 1983 claims must be dismissed.[2]

False Arrest. The December 5, 2023 Order dismissed plaintiff's § 1983 false arrest claims because the judicial documents he had submitted with his pleading strongly indicated that he was, in fact, in possession of marijuana at the time of the traffic stop. As the Court noted at the time, that fact would have established probable cause for the arrest, which would have defeated this claim as a matter of law.

Even so, the December 5 Order gave plaintiff an opportunity to amend this claim because of the possibility that he could plead some non-conclusory facts that might give rise to a legitimate factual dispute over the probable cause question. But the amended complaint has not done so. Although the

---

[2] The detailed legal standards governing plaintiff's § 1983 claims were set forth in the December 5, 2023 Order, Dkt. No. 30, and will not be repeated here.

second pleading re-alleges that defendant Frost "fabricated" arrest reports, it does not plausibly allege a § 1983 false arrest claim against any of the named defendants.

As before, plaintiff does not anywhere allege that he was *not* in possession of the drugs (whether marijuana or cocaine) at the time of the stop. In fact, the amended complaint does not mention anything about the marijuana or the cocaine. Now, the pleading just says defendant Frost stopped his car when she shouldn't have. Because the amended complaint does not plausibly allege that plaintiff's warrantless arrest occurred in the absence of probable cause, defendants' motion to dismiss this claim must be granted.

Malicious Prosecution. The December 5, 2023 Order dismissed plaintiff's § 1983 malicious prosecution claims because the judicial documents that he had submitted with his pleading indicated that a state-court grand jury had indicted him for drug possession. As the Court noted at the time, this created a rebuttable presumption of probable cause. And although plaintiff accused one or more of the defendants of testifying falsely to the grand jury, the Court explained that grand jury witnesses are immune for their testimony.

Even so, the December 5 Order gave plaintiff an opportunity to amend this claim because of the possibility that he could plead some non-conclusory facts that might give rise to a legitimate factual dispute over the probable cause question *and* some allegations that might satisfy the other elements of

this claim. But the amended complaint has not done so. Although the second pleading again suggests that one or more of the named defendants testified falsely to a grand jury, this is not actionable under § 1983 because grand jury witnesses are absolutely immune from claims based on their testimony, even if the testimony is alleged to be false or perjurious. And as before, it would be "total guesswork" to figure out what, if anything, the named defendants did that would meet the other elements of a § 1983 malicious prosecution claim.

<u>Fabricated Evidence</u>. The December 5, 2023 Order dismissed plaintiff's § 1983 fabricated-evidence claims because plaintiff's accusations were framed in wholly conclusory terms. Even so, the December 5 Order gave plaintiff an opportunity to amend this claim because of the possibility that he could add some level of basic factual detail that might support an inference that one or more of the defendants did, in fact, fabricate material information. But the amended complaint has not done so. Instead, the second pleading again just indicates in conclusory terms that defendants fabricated evidence, such as certain arrest reports.

This is not enough to warrant discovery. Plaintiff's amended complaint does not offer any supporting facts or other details that might nudge one or more of these § 1983 claims against one or more of the defendants over the line from "theoretically possible" to "plausible." Accordingly, defendants' motion to dismiss must be granted.

The final question is whether plaintiff should be given leave to further amend. The December 5, 2023 Order gave plaintiff an opportunity to try to replead these § 1983 claims "because plaintiff is *pro se* and this is his first attempt at pleading these claims against these defendants." *McCullough*, 2023 WL 8435032, at *8.

Plaintiff's second attempt at pleading these § 1983 claims against these defendants has gotten worse, not better. After reviewing both pleadings and the other materials that have so far been filed by plaintiff, it seems unlikely that a further amendment would lead to any plausible claims. Accordingly, leave to amend will be denied this time around. *See, e.g.*, *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

Therefore, it is

ORDERED that

1. Defendants' motion to dismiss is GRANTED; and

2. Plaintiff's amended complaint is DISMISSED with prejudice.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

Dated: February 9, 2024
       Utica, New York.

David N. Hurd
U.S. District Judge